made at Special Term in Albany County, in the third judicial district, on a motion returnable there and upon which plaintiff only appeared specially to challenge the jurisdiction of the court to entertain the motion at the Albany term.

This appeal from the order presents only a question as to the meaning of the latter part of subdivision 6 of rule 63 of the Rules of Civil Practice, the whole of which is as follows: " 6. Except in the first judicial district, a motion may be made in any county in the district in which is situated the county where the action is triable, *or in a county in any other district adjoining the county in which it is triable."* (Italics supplied.) This subdivision was added as new matter to the rules governing the place where motions may be made, by the rule-making convention established and held under chapter 902 of the Laws of 1920, as amended by chapter 370 of the Laws of 1921. Since the rules adopted by this convention have the force and effect of statute, applicable rules of statutory construction are available in construing them when doubt arises as to their meaning.

If literalness controls then the part of the subdivision in question gave the Albany Special Term jurisdiction to grant the order; for Montgomery County, the county of venue, adjoins the third judicial district in which Albany County is situated. Literally, the meaning is plain that when the county of venue adjoins any judicial district of which it is not a part, then a (and so any) county in an adjacent district or districts is made available for motions in an action in a venue county so situated. So construed, the rule when adopted was a decided innovation as to the prescribed practice which had obtained since 1879 and which the convention in substance continued generally in other portions of rule 63 of the Rules of Civil Practice. (L. 1879, ch. 542; Code Civ. Pro., § 769; L. 1920, ch. 491.) Nothing has been shown or found to evidence any legislative intent at variance with a meaning determined by the literal language of the innovation. This precludes the rejection of a literal construction. (*Matter of Dean* v. *Bell*, 230 N. Y. 1; *Matter of Schinasi*, 277 N. Y. 252.) The interpretation for which appellant contends, viz., that the motion is limited to a county outside the venue county's district, which county adjoins the county of venue, is a mere restatement of the applicable substance of the rule enacted in 1879, and continued and now contained in subdivision 1 of rule 63. Applicable rules of construction call us to give effect to the newly added provision. Only a literal interpretation can do so. I believe that is the correct one, as determined below and at other special terms. (*McClellan* v. *Steywart*, 171 Misc. 514; *Lawson* v. *Capitol Wine & Spirits Corp.*, Sup. Ct., Erie Co., Dec. 7, 1945, JAMES, J.) The order should be affirmed.

Hill, P. J., Foster and Russell, JJ., concur in decision; Brewster, J., dissents in a memorandum in which Deyo, J., concurs.

Order reversed, on the law and facts, with $10 costs and disbursements, with leave to respondent to renew his motion in a proper county within ten days of service of a copy of the order of reversal entered herein. [See *post,* pp. 925, 1035.]

RATONEYOK CORPORATION, Respondent, v. FRANK S. SOMMA, Appellant.—Appeal from an order of the Albany County Court affirming the judgment of eviction made by the Albany City Court. The tenant-appellant never accepted the proposal embodied in the letter of May 17, 1945. Furthermore the landlord-respondent was not a party to the proposal, nor was it a party to nor did it subsequently ratify any agreement to extend the terms of the lease or to make other space in the building available. The trial court correctly

excluded the evidence relative to such an alleged agreement and properly granted the order of eviction as a matter of law. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ.

ANTHONY MARTINESE, Appellant, v. PORT TRADING CORP., Respondent.— Appeal from a judgment dismissing the plaintiff's complaint in an action brought to foreclose a mechanic's lien. Judgment and order of the County Court, Albany County, and judgment of the City Court of Albany, reversed, on the law and facts, and plaintiff granted judgment in accordance with the prayer of the complaint, with costs in all courts. Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ., concur.

COUNTY TRANSPORTATION COMPANY, INC., Respondent, v. MILO R. MALTBIE et al., Constituting the Public Service Commission of the State of New York, et al., Appellants.— The stay granted December 5, 1947, in the order to show cause, is continued until this court finally decides the appeal. Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ., concur. [189 Misc. 743.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENJAMIN L. BRADBURY, SR., Appellant.— Appeal from a judgment of conviction entered on a plea of guilty to the crime of receiving stolen property as a misdemeanor and from a sentence of six months in the Broome County jail. Judgment and sentence unanimously affirmed. Present — Hill, P. J., Brewster, Foster, Russell and Deyo, JJ.

## FOURTH DEPARTMENT, JANUARY, 1948.
### (January 14, 1948.)

IRVING K. BAXTER, Appellant, v. STATE OF NEW YORK, Respondent. (Motion No. 1284.) — Order affirmed, without costs of this appeal to either party. All concur. (The order denies claimant's motion for permission to file a claim against the State for assault and battery, false arrest, false imprisonment and malicious prosecution, pursuant to section 10 of the Court of Claims Act.) Present — McCurn, Larkin, Love, Vaughan and Kimball, JJ. [189 Misc. 525.]

In the Matter of DAVID SEGEL, Appellant, against ARTHUR J. WESTPHAL et al., Constituting the Zoning Board of Appeals of Buffalo, et al., Respondents.— Order affirmed, without costs of this appeal to any party. All concur. (The order denies the prayer of petitioner and dismisses the petition in a proceeding to review the action of respondents in granting a permit for poultry storage for premises in the city of Buffalo without allegedly requisite consent.) Present — McCurn, Larkin, Love, Vaughan and Kimball, JJ.

In the Matter of MARIE E. ZAHM, Petitioner, against DEPARTMENT OF STATE OF THE STATE OF NEW YORK et al., Respondents.— Determination confirmed, with $50 costs and disbursements. All concur. (Proceeding to review the determination of the director of licenses in suspending petitioner's real estate broker's license after a hearing pursuant to section 441-e of the Real Property Law.) Present — McCurn, Larkin, Love, Vaughan and Kimball, JJ.

In the Matter of the Estate of ISIDORE COHN, Deceased. BERTHA M. EPHRATH, Appellant; SAMUEL SAPOWICH, as Public Administrator of Erie County, et al., Respondents.— Decree affirmed, with costs to all respondents filing separate briefs payable out of the estate. Stay vacated. All concur. (The decree denies petitioner's application for issuance of letters to her and others